UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lenny Shoultz,

Plaintiff,

vs.

Jo Anne B. Barnhart,
Commissioner of
Social Security,

Defendant.

Case No. 04-1566 (JRT/FLN)

**REPORT AND RECOMMENDATION**

---

Lionel H. Peabody for Plaintiff.
Lonnie F. Bryan for the Government.

---

## I. INTRODUCTION

**THIS MATTER** is before the undersigned United States Magistrate Judge on Plaintiff Lenny Shoultz's counsel's ex parte motion for attorney fees[#48] seeking approval of contingent fee of $11,786.50 under the contingent fee agreement pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 406(b) and motion for an award of attorney's fees and legal costs [#34, #45][1] pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $6,737.70.

Plaintiff's counsel seeks Court approval of a contingent fee agreement resulting in payment to counsel of $11,786.50. Plaintiff's counsel asserts that this is a reasonable fee under 42 U.S.C. § 406(b) and Gisbrecht v. Barnhart, 535 U.S. 789 (2002). Plaintiff's counsel asks that the contingent fee be reduced by any award under the EAJA.

[1]Plaintiff brought his first motion for attorney's fees and legal costs on April 21, 2006. Since Judgment had not yet been entered at the time of the first motion, Plaintiff brought a second motion for attorney's fees and legal costs on June 16, 2006.

Plaintiff asserts that he and his counsel are entitled to an award of attorney's fees under EAJA because Plaintiff is the prevailing party in this case and because the Commissioner's position was not substantially justified. The Government does not dispute the fact that Plaintiff is the prevailing party, rather, the Government opposes the motion on the grounds that the Commissioner's position on this matter was substantially justified. The Government also objects to the amount of attorney's fees claimed by the Plaintiff.

## II. PROCEDURAL HISTORY

Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on April 10, 2002, alleging he became disabled on November 25, 2001, due to a torn ligament in his right hip, a neck injury with compressed vertebrae, migraine headaches, muscle spasms, subluxation of the spine, and depression. The Social Security Administration denied his application for DIB and SSI both initially and upon reconsideration. Pursuant to Plaintiff's request, an administrative hearing was held before Administrative Law Judge ("ALJ") Michael D. Quayle on July 23, 2003. On October 20, 2003, the ALJ issued an unfavorable decision denying him benefits. Plaintiff appealed the unfavorable ALJ's decision and the Appeals Council denied his request for review of the ALJ's decision on March 3, 2004, making the ALJ's decision the Commissioner's final decision in this matter.

On April 13, 2004, Plaintiff filed a Complaint with the District Court of Minnesota seeking judicial review of the final decision of the Commissioner denying his applications for DIB and SSI. Plaintiff retained Lionel Peabody to represent him in the District Court action. Plaintiff and Mr. Peabody agreed upon a contingent fee arrangement where Mr. Peabody would receive one quarter of any past due SSA benefits. On August 5, 2005, the undersigned issued a Report and

Recommendation, reversing the Commissioner's decision and remanding the case for further administrative proceedings. See Report and Recommendation ("R&R") [ #21]. Plaintiff's case was remanded because the undersigned determined that the ALJ failed to give proper weight to Plaintiff's treating and examining physicians' opinions regarding his residual functional capacity ("RFC"). See R&R at 18-22. District Court Judge Tunheim rejected the Commissioner's objections and adopted the Report and Recommendation in an Order dated August 25, 2005 [#26]. Plaintiff now requests approval of the contingent fee agreement and an award of attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412.

## III. DISCUSSION OF LAW

### A. Entitlement to Contingent Fee under SSA

### 1. Legal Standard for Contingent Fees under SSA

42 U.S.C. § 406(b)(1)(A) of SSA provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

The Supreme Court has interpreted this statute to mean:

> We conclude, §406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

Gisbrecht, 535 U.S. at 805.

In evaluating reasonableness, courts are to consider the size of the fee to the amount of time expended by the attorney. Id. at 808. Courts are to be particularly attentive to whether the

plaintiff's attorney caused a delay in order to increase the amount of accrued benefits. Id.

Congress has authorized the Social Security Administration to hold back the amount of the fee from the accrued benefits and to make payment of the fee directly to the attorney. Id. at 805. Any award of attorney's fees under the EAJA is deducted from the contingent fee authorized under §406(b). Id. at 796.

**2. Analysis of Entitlement to Contingent Fee under SSA**

Plaintiff and Plaintiff's counsel, Mr. Peabody, entered into a contingent fee agreement that provided:

> In the event benefits are awarded to me, I agree that Mr. Peabody shall receive as attorney's fees one-quarter of the past due benefits awarded to me and one-quarter of the past due benefits awarded to any dependent of mine as a result of his representation of me.

Pl. Memo. in Supp. of Pet. 2.

Plaintiff and his dependent were awarded past due benefits. The Social Security Administration has withheld one quarter of the past due benefits, or $11,786.50, for payment under the contingent fee agreement. Mr. Peabody has expended 41.4 hours on the behalf of Plaintiff, resulting in an hourly fee of $284.69. While the court acknowledge that such a fee may be pressing the upper bounds of reasonableness, it is not so unreasonable as to disturb the agreement reached between the Plaintiff and Mr. Peabody. No evidence exists to show that Mr. Peabody created any delays in hope of increasing the past due benefits and it appears that Mr. Peabody provided the Plaintiff with a high quality representation.

The contingent fee amount is reasonable, therefore Mr. Peabody should be awarded the contingent fee under 42 U.S.C. §406(b)(1)(A).

**B. Entitlement to Fees Under EAJA**

**1. Legal Standard for Fees under the EAJA**

28 U.S.C. § 2412(d)(1)(A) of EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The EAJA also sets forth requirements for requesting an award of costs and fees:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from an attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified.

28 U.S.C. § 2412(d)(1)(B). Furthermore, "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." *Id.* The Supreme Court has held that a judgment granting remand is a final judgment for which fees may be granted. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993).

"Party" under the EAJA means an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. *See,* 28 U.S.C. §2412(d)(2)(B). The Commissioner does not dispute that Plaintiff was a "prevailing party" within the meaning of the statute. Therefore, the determination of whether Plaintiff is entitled to a fee award under the EAJA depends upon whether or not the Commissioner's position was substantially justified. *See*

*Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003).

The Commissioner bears the burden of proving her litigation position was “substantially justified.” *Id.; Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991). To establish substantial justification, the Commissioner must show that the denial of benefits had a reasonable basis in law and fact. *See Welter*, 941 F.2d at 676 (*citing Pierce v. Underwood*, 487 U.S. 552, 565-566 (1988)). The test of whether the Commissioner's position was substantially justified requires a showing that the position was "clearly reasonable, well- founded in law and fact, solid though not necessarily correct." *Friends of Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995). This means that the Commissioner's position need only be "justified to a degree that could satisfy a reasonable person" to defeat a claimant's application for attorneys' fees. *Pierce,* 487 U.S. at 565. This inquiry involves an evaluation of the Commissioner's position both at the pre-litigation and litigation phases of the case. *See Iowa Express Distribution, Inc. v. NLRB,* 739 F.2d 1305, 1309 (8th Cir. 1984).

Fees are not to be awarded simply because the Commissioner loses the case. *See Welter*, 941 F.2d at 676. The Commissioner’s position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole. *See id.; Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). The rationale underlying this rule is that the substantial evidence and substantial justification standards are different. *See Welter*, 941 F.2d at 676. As the Eighth Circuit explained:

> Under the substantial evidence standard, the district court must consider evidence that both supports and detracts from the Secretary's position. In contrast, under the substantial justification standard the district court only considers whether there is a reasonable basis in law and fact for the position taken by the Secretary.

*Id*. (internal citations omitted).

Because the standards are neither semantic nor legal equivalents, the Commissioner can lose on the merits of the disability question and win on the application for attorney's fees. *See id.*

**2.. Analysis of Entitlement to Fees Under EAJA.**

Plaintiff argues that the position of the Commissioner was not substantially justified because the ALJ failed to follow the applicable law regarding the weight to be given to examining and treating sources. Additionally, the ALJ failed to fully and fairly develop the record, which led to a RFC that is not supported by the record as a whole. When the matter was remanded and the record was fully and fairly developed, a favorable decision was issued without a hearing. Plaintiff argues that the Commissioner's final decision failed to follow well-established considerations set forth in the Social Security Act and therefore, the government's position was not substantially justified. We agree. The ALJ made a series of errors which compel the conclusion that the ALJ's analysis was clearly inadequate, and therefore the position of the Commissioner did not have a reasonable basis in law or fact.

The ALJ determined Plaintiff had the RFC to lift ten pounds frequently and twenty pounds occasionally, stand for six hours in an eight-hour day, perform simple-detailed tasks that required moderate concentration, and tolerate minor changes in the work place. In determining Plaintiff's RFC, the ALJ rejected Dr. Golden's 2003 opinion that Plaintiff was fully disabled. The ALJ rejected Dr. Golden's opinion after finding it unsupported by objective evidence. The ALJ noted that Dr. Golden's treatment notes from 1994 and 1995 indicated he did not believe Plaintiff to be disabled at that time. The ALJ rejected Dr. Golden's 2003 opinion that Plaintiff was fully disabled because "Dr. Golden did not indicate what medical evidence he relie[d] on to make such a dramatic

change in his opinion of [Plaintiff's] ability." Defendant argued that the ALJ reasonably declined to grant great weight to Dr. Golden's opinion because it was conclusory.

If Dr. Golden's findings were conclusory, the ALJ had a duty to develop the record regarding his opinion. See Bowman v. Barnhart, 310 F.3d 1080, 1082-85 (8th Cir. 2002). The ALJ erred by rejecting Dr. Golden's opinion. If the ALJ believed his opinion of disability was conclusory, he was obligated to contact him for additional clarification. Instead of developing the record from Dr. Golden and Plaintiff's other treating and examining physicians, the ALJ improperly relied on the reports of state consultants who did not examine Plaintiff. The only evidence that supports the ALJ's determination that Plaintiff can stand for six hours a day is the opinion of agency physician Dr. Chisolm. Plaintiff's physical therapists and chiropractor noted in their treatment notes that Plaintiff suffered painful clicking and popping, and walked with an antalgic gait with the aid of a cane. They also opined that Plaintiff could not stand to perform work.

Dr. Chisolm never examined Plaintiff and provided his opinion that Plaintiff could stand up to six hours a day solely based on the medical records. Dr. Chisolm indicated in his recommendation that the record he reviewed contained no statements from treating or examining sources. (T. 214). Relying upon a non-examining, non-treating physicians to form an opinion on a claimant's RFC does not satisfy the ALJ's duty to fully and fairly develop the record. Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000). Given the contradictory recommendations and the insufficiently developed record surrounding Plaintiff's hip condition, Dr. Chisolm's opinion did not constitute substantial record evidence that Plaintiff can stand for six hours and perform light work. See id. ("The opinions of doctors who have not examined the claimant ordinarily do not constitute substantial evidence on the record as a whole") citing Jenkins v. Apfel, 196 F.3d 922, 925 (8th Cir.

1999).

The Commissioner's position on whether the ALJ properly rejected of the opinion of Plaintiff's treating physician was not substantially justified because a reasonable person would not find that the Commissioner's position had a reasonable basis in law or fact. The ALJ clearly failed to properly evaluate Dr. Golden's opinions as the treating physician, See Hogan v. Apfel, 239 F.3d 958, 961 (8th Cir. 2001), which normally should not be disregarded. Ghant v. Bowen, 930 F.2d 633, 639 (8th Cir. 1991). Since the position of the Commissioner on their summary judgment motion was contrary to the facts and the law, the Commissioner's position was not substantially justified. See Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 885 (8th Cir. 1995) (government's position was not substantially justified when it was clearly contrary to established law). Therefore, Plaintiff is entitled to fees under the EAJA.

**3. Reasonableness of Attorney's Fees**

Attorney's fees requested under this section may not exceed the rate of $125.00 per hour unless the court determines that an increase in the cost of living or "special factor" adjustments justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A) (1996). The cost of living has increased as measured by the U.S. Department of Labor Bureau of Statistics. The cost of living adjustments to the $125.00 hourly fee allowed results, for the years in which counsel worked on Plaintiff's case, in an adjusted hourly fee of $151.65 for year 2004, $156.79 for year 2005 and $159.20 for year 2006.

Plaintiff and his counsel seek an award of $6,737.70.[2] The Government also objects to the

[2]This amount reflects the 41.4 hours requested in the initial motion plus 0.9 hours for the reply brief at $155 per hour along with $181.20 in expenses.

total number of hours (41.4) that Plaintiff's counsel billed for his time drafting memoranda of law, appearing at administrative hearings and drafting this fee petition. The Government cites a decision in which a court found that the number of hours reasonably expended for a routine social security appeal is 15-20 hours. See Govt's Response at 12. Plainitff's counsel cites authority suggesting that 44 hours is a reasonable expenditure of attorney time in these cases. See Plaintiff's Reply Memorandum at 3. Given that Plaintiff's counsel did not represent him at the hearing, the transcript of 450 pages, and the errors made by the ALJ, the Court finds that the number of hours Plaintiff's counsel expended on this case is not unreasonable.

## IV. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's counsel's ex parte motion for attorney's fee seeking approval of the contingent fee arrangement pursuant to 42 U.S.C. § 406 should be **APPROVED**;

2. Petition from Plaintiff's counsel for attorneys fees and costs pursuant to 28 U.S.C. § 2412 should be **GRANTED**;

3. The Government should be ordered to pay Mr. Peabody $6,556.50 in attorney's fees and $181.20 in costs. The total amount payable to Mr. Peabody is $6,737.70; and

4. The Social Security Administration should be ordered to pay Mr. Peabody $5,230.00 in attorney's fees. The remaining $6,556.50 being held by the Social Security Administration should be returned to the Plaintiff.

DATED: November 28, 2006

*s/ Franklin L. Noel*
FRANKLIN L. NOEL
UNITED STATES MAGISTRATE JUDGE

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with

the Clerk of Court and serving on all parties, on or before **December 15, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.